## Case No. 1,545.

### BLISS v. BROOKLYN.

[10 Blatchf. 217.][1]

Circuit Court, E. D. New York. Nov. 5, 1872.

#### Costs—Security for—Dilatory Motion.

When a suit in equity has been once heard, on issue joined, and is opened for a further hearing, on an amended answer only as a matter of favor, it is too late to move for security for costs on the ground of the non-residence of the plaintiff, that having appeared on the face of the original bill.

[Cited in Southwestern Brush Electric Light & Power Co. v. Louisiana Electric Light Co., 45 Fed. 896.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

## Case No. 1,546.

### BLISS v. BROOKLYN.

[10 Blatchf. 521; 6 Fish. Pat. Cas. 289; 3 O. G. 269.][1]

Circuit Court, E. D. New York. March 13, 1873.

#### Patents—Improvement in Hose Couplings—Validity—Combination.

1. The reissued letters patent, granted to William H. Bliss, December 21st, 1869, for an "improvement in hose couplings," the original patent having been granted to William H. Bliss and Robert B. Lawton, February 22d, 1859, are void, because the invention claimed therein is worthless.

[See, contra, Bliss v. Gaylord, Case No. 1,547.]

2. It is of no utility without the addition of a lug, in combination.

3. The addition of the lug is not merely an improvement.

[In equity.] Final hearing on pleadings and proofs.

Suit [by William H. Bliss against the city of Brooklyn] brought on reissued letters patent for "improvement in hose-couplings" [No. 3,768], granted William H. Bliss, December 21, 1869, as a reissue of the patent originally granted to Robert B. Lawton and William H. Bliss, February 22, 1859 [No. 23,033]. The decision of a question raised in the early part of the same case, will be found reported in 4 Fisher, 596 [Bliss v. Brooklyn, Case No. 1,544].

Figs. 1 and 2 represent respectively the device patented by the complainant, and the device substantially as used by the defendant.

In Fig. 1, C is the outer thimble, and D the inner one. They are held together by the pin g, held in the head i, and operating through the outer thimble against the inclined groove, about the inner thimble.

No. 1.

No. 2.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and Samuel S. Fisher, Esq., and here compiled and reprinted by permission. Syllabus and opinion are from 10 Blatchf. 521, and the statement is from 6 Fish. Pat. Cas. 289.]

The defendant used, in addition to the above-described combination, the lug G (see Fig. 2), on the inside of the outer thimble, and beveled to correspond with the inclined side of the groove of the inner thimble, so that when pressure is applied to the inner thimble by means of the pin F, a close joint will be formed.

The drawings will be readily understood from the full description of the devices found in the opinion of the court.] [2]

[Judgment for defendant.]

George Gifford, for plaintiff.
Benjamin E. Valentine, for defendant.

BENEDICT, District Judge. This action, which has been before me on a former occasion (8 Blatchf. 533 [Bliss v. City of Brooklyn, Case No. 1,544]), upon other pleadings and proofs, having been reopened, now comes up for determination upon new pleadings and different proofs. It is an action to recover damages from the city of Brooklyn for using certain hose couplings, which are claimed to be an infringement upon a certain patent for hose couplings, originally issued to Robert B. Lawton and William H. Bliss, on the 22d of February, 1859, and reissued to the plaintiff, December 21st, 1869.

The object of the invention is stated in the original patent as follows: "The object of this invention is, to connect hose together in such a manner that a swivel joint will be attained, and, at the same time, certain provision made for compensating for the wear attending such connection, so that the coupling may always be kept water-tight by the mere act of adjusting or connecting the parts together." The claim of the original patent is as follows: "The two thimbles, C, D, attached to the ends of the hose, A, B, the thimble C being provided with the shoulder b, and ground seat or packing c, and the thimble D provided with the groove e, with inclined sides, and fitted within thimble C, the above parts being used in connection with the conical roller or rollers g, fitted in the screw caps i, and the whole arranged to operate as and for the purpose set forth."

In the reissue, upon which this suit is based, the object of the invention is stated as follows: "The object of this invention is, to connect hose together in such a manner as to secure a tight joint, and admit of their being connected and disconnected with greater facility than was previously done." The claim in this reissue, which is the subject of this controversy, is as follows: "The combination of the two thimbles, C and D, by means of a pin, operating longitudinally, through the outer thimble C, and against the inclined side of the groove in the thimble D, so that the two thimbles will be forced together by the inward movement of the pin, and be liberated by its outward movement, substantially as described."

[2] [From 6 Fish. Pat. Cas. 289.]

It will be observed, that the idea which is put forth in the original patent, as the new idea embodied, as there described, namely, the formation of a hose joint, which, by means of a revolving pin, could swivel, and, at same time, remain tight, is omitted from the reissued patent. In the reissue, the only object of the invention, as there stated, is the formation of a tight hose joint, by means of the combination of certain old and well-known devices, in the manner described.

In opposition to the patent, as thus reissued, several grounds of defence have been here taken. One of them is, that the invention which the reissued patent describes is worthless, and the patent, for this reason, invalid; and this defence appears to me to be supported by the proofs. The law upon the subject of utility is not in doubt. No particular amount of utility is required to render an invention patentable, but there must be some. When the invention is shown to be worthless, the patent must fail. Such appears to be the case in the present instance. The evidence fails to disclose any instance where the combination described in the reissued patent of 1869 has been successfully used. The plaintiff himself testifies, that he does not know of any such coupling having been found to be of practical use. Although he sells couplings, he never sold any such, and only recollects three instances where their use has been attempted. His testimony satisfies me that the combination described in the patent here relied on proved inoperative and worthless.

It is true, that couplings containing all the elements, in combination, which are described in the plaintiff's reissue of 1869, are in use, and such are those used by the defendant; but, in these couplings, another essential element is present in the combination, which additional element is not to be found in the plaintiff's reissue of 1869. This additional feature is a lug, which is placed upon the inside of the outer thimble, opposite to the pin, in such a manner, that, when the pin is forced inward upon the inner thimble, the inclined side of the groove of that thimble is pressed upon the lug, and that part of the inner thimble is thus forced up to the shoulder of the outer thimble, at the same time that the pin itself, by pressing the inclined groove, where it is touched by the pin, forces that side of the inner thimble up to the shoulder of the outer thimble, thus making a tight joint, which cannot tilt, although the inner thimble be smaller than the inside of the outer thimble, and which can swivel or turn, and be tight. The introduction of this element makes the combination a different combination from that described in the plaintiff's patent of 1869. This combination, into which the lug enters as an element, is the subject of another patent, obtained by the plaintiff on the 25th of February, 1862, which he has not proved here, and in which he states that

the lug is "very essential." This latter patent of 1862 has been put in evidence by the defence, and if affords strong support to the position, that the combination described in the reissue of 1869 proved worthless.

But, it is said, that the introduction of the lug is simply an improvement. I cannot so consider it. The two combinations are distinct, because they have different elements and attain a different result. In the one combination, no lug appears, and no practical result is attained. The introduction of the lug, for the first time, produced a combination which accomplished any useful result. An added element, which increases the efficiency of a combination, of itself effective, is of the nature of an improvement; but, when the added element is essential to the production of any useful result, such an addition is not an improvement, but its use gives birth to the only patentable, because the first useful, combination. Notwithstanding, then, the conceded fact, that the combination which includes the lug with other elements which are described in the reissue of 1869, is useful, it is, nevertheless, necessary, in order to sustain the reissue, that it should appear that the device there described, which does not contain the lug, is of some utility. As before stated, the contrary here appears, and, for this reason, the patent must be declared invalid.

[NOTE. For other cases involving this patent, see note to Bliss v. Haight, Case No. 1,548.]